IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION


HECTOR PEDRO IBARRA            §
                              §
                              §
V.                            §            CIVIL NO. 7:08-CV-0149-O
                              §
                              §
DIRECTOR TDCJ-CID             §


MEMORANDUM AND ORDER DENYING WRIT OF HABEAS CORPUS

Petitioner Ibarra seeks habeas corpus relief in this Court  pursuant to 28 U.S.C. §2254. I

deny Petitioner's Application for Writ of Habeas Corpus for the following reasons:

Procedural Status

Petitioner Hector Pedro Ibarra ("Ibarra") was convicted of the offense of aggravated assault

with a deadly weapon by a jury in the Criminal District Court Number Two of Tarrant County,

Texas on August 22, 2002 and was sentenced to a term of fifty years imprisonment.  SHCR at 212-

13.[1] Ibarra filed a direct appeal of his conviction. The Twelfth Court of Appeals ("CA") affirmed

Ibarra's conviction in an unpublished written decision.  The Texas Court of Criminal Appeals

("CCA") subsequently refused  Ibarra's petition for discretionary review ("PDR").  Ibarra filed

a state habeas corpus application challenging this conviction in the trial court ("SHC"). The SHC

---

[1]        "SHCR" refers to the clerk's record of state habeas pleadings in Ex parte Ibarra,
No. 69,707-02. "TCR" refers to the clerk's record of trial papers. "CAR" refers to the direct
appeal record before the Court of Appeals. Where applicable, citations are preceded by a volume
number and followed by relevant page numbers.

conducted the habeas proceedings, received evidence by way of affidavits, made written findings of fact, conclusions of law, and recommended that the writ be denied. The CCA denied the writ without written order on the findings of the trial court without a hearing. Ibarra filed his petition herein on September 5, 2008 challenging the conviction and requesting an evidentiary hearing to develop facts in support of his grounds for relief.

Petitioner's Alleged Grounds

By his federal petition, Ibarra asserts some twenty (20) grounds for relief for trial court error, ineffectiveness of trial counsel and ineffectiveness of appellate counsel. Those claims are best grouped for analysis and discussion as follows:

(A)    Self Defense Issues:

    1. Trail Court Error. The trial court abused its discretion when it: (a) denied the admission of evidence demonstrating that Ibarra acted in self defense and fled because he feared for his safety; (b) prohibited the meaningful cross-examination of the complaining witness and Captain Vennum thereby denying Ibarra's right to confront witnesses testifying against him when the trial court ordered defense counsel to refrain from questioning the State's witnesses about the victim's gang involvement, drug use, reputation for violence, specific acts of violence, or prior illegal conduct; (c) required Ibarra to testify before allowing evidence of self-defense thereby forcing Ibarra to take the stand at his own trial in order to assert self-defense; and, (d) following Ibarra's testimony, continued to limit the admission of evidence of self-defense;

    2. Trial Counsel Deficiencies. Ibarra was denied his right to effective assistance of *trial counsel* when counsel: (a) failed to conduct a reasonable factual investigation; (b) failed to interview witnesses; (c) failed to present witness testimony supporting the theory of self-defense;(d) failed to establish a Bill of Exceptions concerning Ladd's[2] reputation, history of violence, gang and drug involvement, role as a gang enforcer, and statements admitting violence and weapon possession; and,

(B)    Illegal Search Issues;

---

[2]    Demetrius Ladd was the victim of Ibarra's shooting offense.

1.  that Ibarra's conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure because the trial court refused to consider Ibarra's motion to suppress;

2. that Ibarra was denied his right to effective assistance of *trial counsel* when counsel: (a) failed to produce a witness to counter the State's claim that Ibarra lacked standing to move for suppression of physical evidence; and,

3. that  Ibarra was denied the effective assistance of *counsel on appeal* when counsel failed to raise that his conviction was based on evidence obtained pursuant to an illegal search and seizure.

(C)     <u>Appellate Counsel Deficiencies</u>.

1.  that Ibarra was denied the effective assistance of *counsel on appeal* when counsel failed to raise meritorious issues on appeal, specifically: (a) that the trial court erred in refusing to allow Ibarra to present substantial evidence in support of his claim of self-defense; and (b) that Ibarra's trial counsel was ineffective.

(D)     <u>Trial Error Issues</u>.

1.  that Ibarra was denied his right to effective assistance of *trial counsel* when counsel: (a) examined Ibarra regarding his prior convictions; and, (b) failed to object to the prosecutor's inflammatory statements during the punishment phase;

2.  that the trial court erred when it refused to instruct the jury on defense against multiple assailants; and,

3. that the prosecutor failed to disclose favorable impeachment evidence of the victim, that is, that he was a confidential informant for the local police.

<u>State's Response</u>

The State responds generally to Ibarra's claims that the provisions of AEDPA[3] bars consideration of many of them since they were raised by Ibarra before the state courts on direct appeal and post conviction proceedings and were properly determined by those courts adversely to Ibarra.  As to any other claims, the state asserts that provisions of AEDPA bars consideration

---

[3]       Antiterrorism and Effective Death Penalty Act, 28 U.S.C.A. § 2254.

3

of them because they are unexhausted since Ibarra failed to raise them in the SHC proceedings. The state argues that if these unexhausted claims had been raised in the state courts, the state courts would procedurally bar them as "abuse of the writ," so this court is likewise barred from granting relief.  Besides, says the State, there is no merit to any of these claims anyway.

<u>Standards for Review</u>

Since this case requires a review of a SHC decision, it is governed by the AEDPA. This court may only grant relief if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), "or was based on an unreasonable determination of the facts" in light of the state court record. 28 U.S.C. § 2254(d)(2).  A state court's decision is contrary to clearly established Supreme Court precedent when it "relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). Under § 2254(d)(1), "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).  An unreasonable application of clearly established federal law "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts" of a case.  *Williams*, 529 U.S. at 413.

<u>Mix of Exhausted and Unexhausted Claims</u>

Comparing Ibarra's original petition[4] as supplemented by his Amended Brief/Memorandum[5] in this court to his pleadings[6] and the record in the SHC, I find that his claims in this court are a mix of exhausted and unexhausted claims. The principles for examination and resolution of exhausted and unexhausted claims are different. Therefore, analysis and proposed disposition of the multitude of these claims first requires a determination of their exhausted/unexhausted status.

<u>Exhaustion Standards</u>

Federal courts will generally not consider claims in a section 2254 habeas petition that have not been first presented to the state courts. 28 U.S.C. § 2254(b). In other words, the petitioner must exhaust all available state remedies before he may obtain federal habeas relief. *Rodriguez v. McKaskle,* 724 F.2d 463, 466(5th Cir. 1984); *see also Sterling v. Scott,* 57 F.3d 451, 454 (5th Cir. 1995). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the substance of his claims to the state courts. Where state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. As the Supreme Court stated in *Coleman v. Thompson,* 501 U.S. 722 (1991):

> If the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, … [then] there is a procedural default for purposes of federal habeas….

---

[4]        (Docket No.1)

[5]        (Docket No.8)

[6]        His SHC Application as supplemented by the SHC record.

*Id.* at 735 n.1.   The exhaustion requirement is not satisfied if the prisoner presents *new legal theories or factual claims* in his federal habeas petition. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Vela v. Estelle,* 708 F.2d 954, 958 (5th Cir. 1983). ("Normally, the exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in his petition to the federal court.").   This exhaustion rule requires the dismissal of any habeas petition that contains claims not yet raised in available state court proceedings, even if such claims are mixed with exhausted ones.   *Rose v. Lundy,* 455 U.S. 509, 513-519 (1982); *Rodriguez,* 724 F.2d at 464.   In such cases, the federal procedural default doctrine precludes federal habeas corpus review.   *Id.*; *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding an unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred); *Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1998) (same).   To overcome the procedural bar on non-exhaustion, a prisoner  must  "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Woodfox v. State*, 2010 U.S. App. LEXIS 13557 (5th Cir. 2010) (citing *Coleman, supra* and *Ries v. Quarterman,* 522 F.3d 517, 523-24 (5th Cir. 2008)).   Since  the 1995 amendment of the Texas habeas corpus statute, the Texas Court of Criminal Appeals has applied the "abuse of the writ" doctrine even more regularly and strictly than before.   That statute prohibits a Texas court from considering the merits of, or granting relief based on, a subsequent writ application filed after the final disposition of an inmate's first application unless he demonstrates the statutory equivalent of cause or actual innocence. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (West Supp. 1996).

<u>Self Defense Issues</u>

6

The bulk of Ibarra's self-defense claims were exhausted before the Court of Appeals on direct appeal and on habeas corpus in the state court. Many of Ibarra's claims arise out of procedural rulings in the trial court with respect to Ibarra's claim that he shot Ladd in self-defense out of fear of Ladd.  Even before the commencement of the trial, an issue of Ladd's alleged gang membership was raised by  the state and by defense counsel in response to the state's motion in limine.  The trial court ruled that references to gang membership would not be allowed during voir dire or in the trial unless and until Ibarra established his claim of self-defense.  During the trial the issue was raised again when Ibarra took the stand to testify.  Following his testimony, the court ruled that evidence of the Ladd's gang membership was irrelevant. Neither evidence of Ladd's alleged gang affiliation nor evidence of his alleged marijuana usage was allowed into evidence. Though afforded the opportunity after the close of the evidence, Ibarra's trial counsel did not make an offer of proof of the gang affiliation or marijuana usage, a procedure necessary to preserve the issue on appeal.  Ibarra claims the trial court's rulings were fundamental error and both his trial counsel and his appellate counsel were derelict in failing to present and/or win on these issues. These issues were the most hotly contested evidentiary issue at the state trial court and appellate levels.

Even prior to the trial, the defense signaled that it intended to assert that Ibarra acted in self-defense and, as evidence of his fear of Ladd, the defense intended to show that Ibarra was aware of Ladd's alleged gang affiliation. The defense also intended to show that on the occasion of the shooting, Ladd was under the influence of marijuana, accounting for his aggressive behavior putting Ibarra in fear for his life.[7]  Prior to trial the state filed a motion *in limine* seeking to exclude

---

[7]      TCR Vol.3, p. 5.

any reference by the defense to the Ladd's claimed criminal gang affiliation and use of marijuana.[8]
The trial court took up consideration of the state's motion just before *voir dire* of the jury on the first day of trial.   Ibarra hoped that the victim's gang affiliation would corroborate his assertion that he feared for his life when he fired the gun he had yanked from Ladd's hand at the stairwell. Likewise, the marijuana usage would similarly support his claim of fear of Ladd.[9]   The state responded that this evidence would not be admissible unless and until Ibarra first testified and established self-defense.   In his pretrial ruling on the state's motion the court stated:

> "Okay. All right.   In the State's Motion in Limine I don't want anybody going into any evidence of character, arrest, prior bad acts or convictions of any other witness unless or until we come forward and there's some showing of relevance concerning the same."[10]
> ...
> "Any mention of criminal street gang affiliation unless or until we get into that."[11]
> ...
> "And as far as unless and until I find that there's relevance into the drug usage of anybody, I want  y'all to come up and talk to me about that. All right.  So I'll grant that Motion in Limine."[12]

And addressing the issues before opening arguments, the court ruled:

> "I'm not going to allow any discussion in opening statements or otherwise about marijuana usage, or gang membership.  Now, I will allow if –once the injured party gets on the stand to discuss any convictions that he's had either in Dallas of Tarrant or anywhere else."[13]
> ...

---

[8]     CAR Vol. 1, pp.170-72.

[9]     TCR Vol. 1, pp. 8-9; Vol. 3, pp.2-3.

[10]    *Id.* Vol. 1, p.11.

[11]    *Id.* Vol. 1, p.12.

[12]    *Id.* Vol. 1, p. 13.

[13]    TCR Vol. 3, p.6.

And I'm not going to allow anything about drug dealing or gang affiliation, things of this nature unless and until it's established that there is a self-defense issue and that would be when and if Mr. Ibarra takes the stand. Then I will revisit it once again because at that time there's a possibility that some, if not all of this, can come in."[14]

After Ibarra had taken the stand and testified that he was in fear of Ladd when Ladd descended the stairs with a gun in his hand, trial counsel approached the court for a ruling that he would be then allowed to introduce evidence of Ladd's gang affiliation.[15]  The court, the prosecutor and Ibarra's counsel engaged in an extensive discussion of whether this evidence had become relevant and therefore admissible.  The trial court ruled that since the evidence to that point showed that Ibarra's fear of Ladd arose from seeing the gun in his hand and not his knowledge of Ladd's gang affiliation the evidence of Ladd's gang affiliation had become and was irrelevant and inadmissible.[16]

With respect to the exclusion of evidence of Ladd's gang affiliation and prior convictions and alleged marijuana usage, this issue was presented to the  CA on direct appeal.  The CA found that the trial court had afforded the defense ample opportunities to make the offer of proof both before and after the charge was given to the jury. The CA decided that due to the failure of counsel to make an offer of proof (in Texas, a procedure known as a bill of exceptions) prior to the reading of the charge and submission of the case to the jury the issue was not preserved for appeal and hence

---

[14]     Id. p. 7

[15]     TCR Vol. 4, p.114.

[16]     *Id.* p.117,  wherein the court states "That's the self-defense, that he came at him as a gun–with a gun, not that it had to do with gang membership." *Id.* p.119, wherein the court rules, "I'm going to sustain the objection."

was waived.[17]  This same issue was then  presented to the SHC but cast instead as an example of trial counsel's ineffective representation due to the failure to make the offer of proof.

The SHC made extensive fact findings and conclusions regarding the conditioning of the admissibility of the evidence of Ladd's gang affiliation and marijuana usage upon Ibarra's first testifying concerning self-defense.  The court further found that trial counsel had concluded that the issue of the reputation of the victim could not be supported, in good faith, by any person he was directed to; that trial counsel could not find any witness that could testify that the victim had threatened Ibarra;  and that trial counsel could find no evidence of gang involvement that could have been presented at trial.[18]  The court further found that Ibarra presented no credible evidence that there was admissible reputation evidence available to trial counsel to be presented at trial.[19]  Finally the court concluded that Ibarra had failed to prove the relevance of the reputation evidence to the trial court, the very condition to its admissibility.[20]

As to the failure of Ibarra's appellate counsel to raise the issue of trial counsel's having not made an offer of proof of the victim's gang affiliation and marijuana usage, the SHC found that appellate counsel had correctly concluded that the trial court's granting of the motion *in limine* that limited the attack on the victim's character was not a good issue to raise on appeal because (1) it may have been trial counsel's strategic decision not to push the issue and (2) there was some

---

[17]     CA Memorandum Opinion pp.3-5.

[18]     *Id*. p. 5, Findings 40, 41,  59.

[19]     *Id.* p. 5, Finding 45.

[20]     *Id.* p. 10, Conclusion 13.

question that [Ibarra] was aware that the victim was a marijuana smoker with gang affiliation.[21]  The

SHC concluded that Ibarra had failed to prove that appellate counsel's representation of him was

deficient for not presenting Ibarra's evidentiary claims on direct appeal.  These express findings

fairly imply that the SHC concluded that Ibarra's trial counsel did not err in not timely making the

offer of proof.

The factual determinations by the state courts on the direct appeal and habeas corpus review

are entitled to a presumption of correctness which must be rebutted by a presentation of clear and

convincing evidence. 28 U.S.C. § 2254(e) as interpreted by *Neal v. Puckett*, *supra*.  Having reviewed

the entire record before this court, I find Ibarra has not rebutted the state court's express or its

implied findings and conclusions that trial counsel's representation was not deficient for not having

made an offer of proof of Ladd's gang affiliation or marijuana usage prior to the charge to the jury.

Ibarra's claims with respect to this exhausted issue are without merit and should be dismissed.

<u>Ineffectiveness of Trial Counsel Claims</u>

Because the present matter extensively involves allegations of ineffective assistance of

counsel the analysis centers on § 2254(d)(1). *Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010)

("Claims of ineffective assistance of counsel involve mixed questions of law and fact and are

governed by § 2254(d)(1).").  The Sixth Amendment of the United States Constitution guarantees

a criminal defendant "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466

U.S. 668, 687 (1984).  When a convicted defendant seeks habeas corpus relief on the ground of

ineffective assistance of counsel, he must show that (1) counsel's representation fell below an

objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's

---

[21]        *Id.* p. 8, Finding 85.

11

unprofessional errors, the result of the trial would have been different.  *Strickland*, 466 U.S. at 687-91 & 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel.  He must affirmatively plead the resulting prejudice in his habeas petition.  *Hill v. Lockhart*, 474 U.S. 52, 59-61 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight.  Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided."  *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982).  A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy.  *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Bridge v. Lynaugh*, 838 F.2d at 773.

<u>Exhausted Claims</u>

Reviewing the state habeas court record, I find that the following four claims were exhausted before the state court because they were expressly raised, litigated and determined in Ibarra's SHC proceeding:

    a.    counsel introduced harmful evidence (ie. allowed one of Ibarra's prior convictions to be placed before the jury at the guilt-innocence stage);

    b.    counsel failed to make an adequate investigation;

    c.    counsel failed to conduct adequate research; and,

    d.    counsel failed to object to improper jury arguments by the prosecution.

SHCR at 8-9, 61-75.  In the SHC proceeding,  after reviewing Ibarra's application and the briefing and receiving the parties' other written filings (including affidavits from Ibarra's proposed witnesses and from trial and appellate counsel), the State submitted to the SHC a proposed Memorandum, Findings of Fact and Conclusions of Law.[22]   The SHC adopted those as its own and forwarded the materials to the CCA with its recommendation that the writ be denied.[23]  The CCA then denied the writ without written order but "on the findings of the trial court without hearing."[24]  The SHC expressly found facts that negated each of these complaints regarding the conduct of his trial counsel[25] and concluded that Ibarra had failed to prove that trial counsel was deficient.[26]  The SHC expressly concluded that Ibarra had "received effective assistance of counsel."[27]  The SHC ultimately found that there was no reasonable probability that but for the alleged acts of misconduct the result of his proceeding would have been different.[28]  Additionally, the SHC implicitly found that

---

[22]      (SHCR 183-198) containing 88 findings of fact and 94 conclusions of law and recommendations.

[23]      SHCR 210.

[24]      SHCR 1.

[25]      Findings 28 that Applicant failed to prove that counsel failed to conduct an adequate investigation; Finding 29 that Applicant failed to prove that there was relevant evidence that counsel should have presented at trial; Finding 30 that Applicant failed to prove that counsel failed to conduct adequate research; Findings 34 and 35 that there is no evidence that Applicant was prejudiced by counsel's decision to inoculate the jury as to Applicant's prior convictions or that counsel's decision was deficient representation; and Findings 41 and 42 that Applicant failed to prove that counsel's representation was deficient or fell below an objective standard of reasonableness in not objecting to the State's closing argument.

[26]      Conclusion 42, SHCR 194.

[27]      Conclusion 45, SHCR 194.

[28]      SHCR, 192-94 (Findings Nos. 23-44).

the affidavits presented by Ibarra were not credible and that the affidavit presented by Ibarra's trial counsel and appellate were credible.

The CCA denied relief without written order based on the findings of the trial court without a hearing. In Texas, when the Court of Criminal Appeals "denies" a petition for writ of habeas corpus rather than "dismissing" it, the grounds for relief are disposed of on the merits.  This was an adjudication on the merits.  *See Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  Again, factual determinations underlying the adjudications are entitled to a presumption of correctness which must be rebutted by a presentation of clear and convincing evidence. 28 U.S.C. § 2254(e); *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001).

Reviewing the state court trial record, the record before the CA and the record before the SHC, I find that Ibarra failed to provide clear or convincing evidence to rebut the SHC's findings on any of the four grounds Petitioner alleged or claimed in the SHC proceeding or to rebut the SHC's conclusion that Petitioner received adequate representation by his trial counsel.  The findings of the SHC are fully supported by the evidence before that court.  I cannot find that the SHC made an unreasonable determination of the facts in the light of the evidence before it. I find that the SHC did not unreasonably apply the *Strickland* standards in concluding that Ibarra's trial counsel's performance was not deficient. Therefore I conclude that Ibarra's claims on these exhausted grounds are without merit and should be dismissed.

<u>Unexhausted Claims</u>

Comparing Petitioner's state habeas court record with his federal petition, Ibarra has alleged the following additional claims as to the ineffectiveness of his trial counsel:

a. that counsel failed to produce a witness to counter the State's claim that Ibarra lacked standing to move for suppression of physical evidence; and,

b. that counsel failed to present witness testimony supporting the theory of self-defense.

These two claims are only shades of the claims already made, exhausted and determined adversely before the SHC. Alternatively, in so far as these claims may be unexhausted they are barred under *Coleman and Nobles*, supra at p.5. If this court were to require Ibarra to present these unexhausted claims to the CCA to satisfy the exhaustion requirement, the CCA would find them to be procedurally barred under the Texas abuse of the writ doctrine, codified at Tex. Code Crim. Proc. Ann. art 11.07 § 4 (West Supp. 1996), unless Ibarra demonstrates by clear and convincing evidence that he was actually innocent of the crime for which he was convicted and sentenced. I find that Ibarra has wholly failed to demonstrate that he was actually innocent of the crime for which he was convicted or sentenced. Indeed, I find (as did the SHC) that on the basis of the record made before the trial court, no reasonable juror would have found otherwise. I conclude that each of Ibarra's new claims of ineffectiveness of his trial counsel would be barred by the state. Therefore I conclude that they are each barred before this court and should be dismissed.

<u>Suppression Issue</u>

Demetrius Ladd, the shooting victim, sustained two gunshot wounds from a forty-five caliber firearm. One of the slugs was retrieved from his body during surgery after the incident. The slug was from a forty-five caliber bullet. Ibarra claimed that he had snatched the gun from Ladd's hand as he approached Ibarra near the foot of the stairs. Setting up his self-defense argument, Ibarra testified that Ladd was menacing as he descended the staircase and Ibarra was in fear for his life. Since the firearm used in the incident had not been found, a real issue arose as to who belonged to

the forty-five.  Was it Ladd, the victim, who brought the gun to scare or harm Ibarra?  Or was it Ibarra, the assailant,  who brought the gun from his home to scare or harm Ladd?

Ibarra fled the scene of the shooting and was at large for almost three months accompanied from time to time by his wife, Norma.  Some three months after the shooting incident, while Ibarra was still a fugitive, Officer Jerry Vennum obtained a warrant for the search of the house where Ibarra had been residing with his wife at 2244 Madrid Court in the Dalworthington Gardens complex.  Having learned that Norma Ibarra had just returned to the residence, Officer Vennum claimed he needed the warrant to search for evidence that Norma had hindered the apprehension and arrest of Ibarra.[29]  Officer Vennum was quite familiar that Ibarra  and his wife Norma previously had been living at that residence with their daughter and step-daughter.  During the search of the residence in the presence of Ibarra's wife, Vennum seized a military ammo container that proved to contain a partial box and some loose forty-five caliber bullets.[30]  Prior to the trial, Ibarra's trial counsel filed and presented a motion to suppress the seizure of the ammo and ammo box among other items seized.[31]  Suppression of the ammo box and ammo and other things was denied.[32] During the trial, the seized ammo was introduced into evidence by the state.[33]  The state argued that the ammo was Ibarra's for the gun that shot Ladd.

This issue was not presented to the CA on direct appeal, but was raised before the SHC. Ibarra argued that the trial court had denied his motion to suppress the ammo since Ibarra did not

---

[29]     SHCR p.109.

[30]     SHCR p. 116.

[31]     CAR Vol. 1, pp.33-35.

[32]     CAR Vol. 1, p. 36.

[33]     Trial Transcript, pp.262-64.

have standing to make that challenge since he and his wife had "abandoned" the residence on the

date of the search.[34]  Reciting a litany of trial testimony that Ibarra and his wife lived at the 2244

Madrid Court residence, Ibarra clams that his standing to challenge the seizure was manifest.  So,

at the very least Ibarra claims his trial counsel's failure to renew an objection to the admission of

the seized ammo manifested his counsel's ineffectiveness.  Before the SHC, trial counsel averred

that Ibarra and his wife "abandoned" their home immediately after the events and that Ibarra

personally "did not want to dwell on the fact that he fled from the scene and avoided arrest for three

months."[35]  Ibarra's appellate counsel averred that he  "did not raise an issue with the trial court's

denial of  [Ibarra's] motion to suppress because he concluded there was no reasonable basis on

which to claim error."[36]  With this record before it, the SHC concluded that the trial court properly

had found that Ibarra had abandoned the property when he fled the scene and evaded arrest for

approximately three months and no longer possessed a "reasonable expectation of privacy" at the

time of the search.[37]  The SHC further concluded that Ibarra had failed to prove that his conviction

was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.[38]

The Supreme Court has long held the State has provided opportunity for full and fair

litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus

---

[34]        SHCR p. 10, 66-73. At the suppression hearing Ibarra's counsel argued that by seizing the metal ammunition container and inclosed ammunition the officers exceeded the scope of the warrant that essentially identified records and the items sought to be seized.  Addressing counsel's argument the trial court stated, "... unless and until I find standing, I can't rule on it because right now Ibarra has no standing."

[35]        See Affidavit of trial counsel Smith, at SHCR  p. 172.

[36]        SHCR  p. 160.

[37]        Finding 54, SHCR  p. 195.

[38]        Finding 56, *Id*.

relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Moreno v. Dretke*, 450 F. 3d 158 (5th Cir. 2006). On this basis alone, Ibarra's claim that the trial court erred in admitting the ammo into evidence is barred and should be dismissed. However, addressing whether Ibarra's appellate counsel was deficient for not having raised the issue on direct appeal, and having reviewed the trial transcript and record before the SHC, I find that there was sufficient evidence before the trial court to find that Ibarra had indeed abandoned any interest in the residence where the metal ammo container and ammo were found during the search and had thereby lost standing to challenge the constitutionality of the search. I find that Ibarra's appellate counsel did not act unreasonably in his determination that there was no reasonable basis on which to claim that the trial court erred in its "no standing" finding. The SHC's conclusion that Ibarra failed to prove a constitutional violation in the admission of the ammo into evidence neither "relies on legal rules that directly conflict with prior holdings of the Supreme Court nor reaches a different conclusion than the Supreme Court on materially indistinguishable facts," *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). Accordingly, I conclude that this ground for relief should be dismissed.

<u>Ineffectiveness of Appellate Counsel Claims</u>

In his SHC petition Ibarra only globally claimed that his appellate counsel, Jack Strickland, rendered ineffective assistance since he failed "to raise meritorious issues on appeal."[39] However, in his brief before the SHC, Ibarra identified three issues that he claimed Appellate counsel should have raised, to-wit:

1.      that the trial court erred in failing to suppress wrongfully seized evidence;

---

[39]      SHCR 12.

2.	that the trial court erred in refusing to allow Ibarra to present substantial evidence in support of his claim of self defense;

3.	that Ibarra's trial counsel's performance was deficient since he failed to make a Bill of Exceptions to show the gang affiliation of the victim.[40]

In the brief[41] that accompanied his federal petition in this court, Ibarra now complains that he was denied the effective assistance of counsel on appeal;

1.	when counsel failed to make an argument "attacking the trial court's refusal to consider Petitioner's suppression motion that should have suppressed the only physical evidence claimed by the prosecution to tie Petitioner to possession of a firearm";[42]

2.	when counsel failed to make an argument attacking the trial court's refusal to allow Petitioner to present substantial evidence in support of his claim of self-defense;[43] and,

3. when trial counsel failed to assert that trial counsel's representation was globally deficient.

As addressed in the foregoing sections of this memorandum, the first two of these claims which were presented to and adversely determined by the SHC are without merit.

Ibarra's final claim as the in adequacy of appellate counsel's representation was that he failed to challenge the adequacy of representation by Ibarra's trial counsel globally.  As to the claims of inadequacy of trial counsel that were exhausted before the SHC,  I have previously concluded that such claims are without merit.  As to the claims of inadequacy of trial counsel that were not exhausted before the SHC, I have found that they are barred.  The adequacy of appellate counsel's representation was litigated and determined in the state courts before the SHC which made many express findings concerning appellate counsel's actions and concluded that Ibarra had failed to prove

---

[40]	SHCR 83-84.

[41]	Docket No. 8.

[42]	*Id*. at 24, essentially arguing that his conviction was based on evidence obtained pursuant to an illegal search and seizure.

[43]	*Id*. at 24-25.

that his appellate counsel's representation on direct appeal was deficient.[44]  The SHC also concluded that Ibarra had failed to prove that the record on appeal was sufficient to establish ineffective assistance of trial counsel on direct appeal.[45]  These state court findings are entitled to a presumption of correctness which must be rebutted by a presentation of clear and convincing evidence. Having reviewed the entire record before this court, I find Ibarra has not rebutted such claims with clear or convincing evidence.

Trial Error Claims

Each of Ibarra's trial error claims were litigated and determined either by the CA or by SHC. Ibarra's claim of improper jury argument was rejected by the CA for failure of objection by trial counsel and was found to be harmless error.  It was also presented to the SHC and found without merit there.[46]  Ibarra's claim of failure of the trial court to submit an instruction on self-defense against multiple attackers was considered by the SHC but found to be unsupported by the record.[47] And finally, the SHC found and concluded that Ibarra produced no evidence before the SHC that Ladd was a confidential informer and that his trial counsel could not find any such evidence in his reply to Ibarra's claim.[48]  These findings and conclusions of the SHC on these exhausted issues are adequately supported in the trial court record and are presumptively and in fact correct.

Based upon the foregoing, I conclude that upon the record before this court all of Ibarra's claims lack merit on their face or are barred under AEDPA.  Ibarra has wholly failed to prove that

---

[44]     SHCR p.197, Finding 88.

[45]     *Id*. Finding 82.

[46]     *Id*. Findings 36-41.

[47]     *Id*. Findings 12-13, Conclusions 18, 19 and 20.

[48]     *Id*. Findings 52-55.

any failure to have considered any of his claims at the state court level results in a fundamental miscarriage of justice.  There is no clear or convincing evidence in this record that Ibarra was actually or factually innocent of the crime of which he was convicted. Therefore, there is no need for a hearing.[49]

For the reasons above stated,  Ibarra's petition for writ of habeas corpus is hereby DENIED.

SO ORDERED this 30th day of September, 2011.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[49] *Cullen v. Pinholster*, ___U.S.___, 131 S.Ct. 1388 (2011); *Rabe v. Thaler*, 2011 U. S. App. 15996 (5th Cir. August 3, 2011).